

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Sujit Raman*  *Mailing Address:*  *Office Location:*  DIRECT: 301-344-4432
*Chief of Appeals*  *6500 Cherrywood Lane, Suite 200*  *6406 Ivy Lane, 8th Floor*  MAIN: 301-344-4433
*Sujit.Raman@usdoj.gov*  *Greenbelt, Maryland 20770-1249*  *Greenbelt, Maryland 20770-1249*  FAX: 301-344-4516

May 4, 2015

The Honorable Theodore D. Chuang
United States District Judge
6500 Cherrywood Lane
Greenbelt, Maryland 20770

  Re: *United States* v. *Oluwaseun Sanya*
    Case No. TDC-12-0379
    <u>**Notice of Sentencing Hearing Witness**</u>

Dear Judge Chuang:

  Pursuant to the Court's sentencing order of April 2, 2015, *see* ECF No. 66, I write to notify the Court and defense counsel of the sole witness the government intends to call at the sentencing proceeding for the above case, which is scheduled for **Monday, May 18, 2015** at **2:00 p.m.**

  The government intends to call Detective Brandon Mengedoht of the Montgomery County (Maryland) Police Department. Det. Mengedoht was present at the defendant's original sentencing before Judge Messitte on November 19, 2013. We expect, on May 18, formally to introduce through the Detective copies of certified transcripts of two witnesses who appeared and testified at Mr. Sanya's original sentencing: (1) Det. Mengedoht himself; and (2) Monet Griffin, one of the defendant's co-conspirators in case TDC-12-0379. These witnesses provided evidence regarding the calculation of the losses attributable to Mr. Sanya for purposes of sentencing. For the Court's convenience, copies of the transcripts are attached to this letter. **Exh. 1** (Det. Mengedoht); **Exh. 2** (Griffin).

  As the Court is aware, "a sentencing court may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *United States* v. *Gomez-Jimenez*, 750 F.3d 370, 380 (4th Cir. 2014) (citation omitted); *see* 18 U.S.C. § 3661; Fed. R. Evid. 1101(d)(3). The transcripts (and the testimony they reflect) certainly satisfy that criteria, especially because both witnesses testified under oath and were subjected to a vigorous cross-examination by skilled defense counsel. Moreover, to the extent the

witnesses' testimony, in total, comprises roughly 90 pages of transcript, permitting the government to introduce the transcripts and then to focus on the key issues in its allocution will save considerable time and resources. Nonetheless, the government still intends to provide the Court with "live" evidence regarding the losses it believes are attributable to the defendant at the May 18 sentencing proceeding, through Det. Mengedoht's testimony.

Assuming this procedure is acceptable to the Court, we anticipate that Det. Mengedoht's testimony on direct examination should require 30 minutes or less of the Court's time.

Please do not hesitate to contact me with any questions.

    Very truly yours,

    Rod J. Rosenstein
    United States Attorney

By: _____/s/_____
    Sujit Raman
    Assistant United States Attorney

cc:    Counsel of Record